

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

402 East State Street, Room 430      609-989-2190
Trenton, New Jersey

ASP/PL AGR
2023R00222

March 17, 2025

Adam K. Axel, Esq.
Assistant Federal Public Defender
22 South Clinton Avenue
Station Plaza #4, Fourth Floor
Trenton, New Jersey 08608

**RECEIVED**

JUL 09 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Re: <u>Plea Agreement with Marquise Patterson</u>
    **Criminal Number 25-444**

Dear Mr. Axel:

This letter sets forth the plea agreement between your client, Marquise Patterson ("PATTERSON"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 5, 2025, if it is not accepted in writing by that date. If PATTERSON does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from PATTERSON to a one-count Information, which charges him with distributing and possessing with intent to distribute fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

If PATTERSON enters a guilty plea in this matter and is sentenced on that charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against PATTERSON for distributing and possessing with intent to distribute cocaine and fentanyl in Mercer County from in or around February 2023 to in or around June 2023.

1

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against PATTERSON even if the applicable statute of limitations period for those charges expires after PATTERSON signs this agreement, and PATTERSON agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), to which PATTERSON agrees to plead guilty in the Information, carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to PATTERSON. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon PATTERSON is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence PATTERSON ultimately will receive.

Further, in addition to imposing any other penalty on PATTERSON, the sentencing judge as part of the sentence:

(1) will order PATTERSON to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order PATTERSON to pay restitution pursuant to 18 U.S.C. § 3663, *et seq.*;

(3) must order forfeiture, pursuant to 18 U.S.C. § 853;

(4) may deny PATTERSON certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 21 U.S.C. § 841, must require PATTERSON to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should

PATTERSON be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, PATTERSON may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of PATTERSON's acceptance of responsibility and pursuant to 21 U.S.C. § 853, PATTERSON agrees to forfeit to the United States any and all property constituting or derived from any proceeds PATTERSON obtained, directly or indirectly, as the result of the violation charged in the Information, and all of PATTERSON's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

PATTERSON further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by PATTERSON (the "Money Judgment"). PATTERSON consents to the entry of an order requiring PATTERSON to pay the Money Judgment and agrees that such Order will be final as to PATTERSON prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating PATTERSON's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. PATTERSON further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

PATTERSON waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the

forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), PATTERSON consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to PATTERSON prior to the sentencing. PATTERSON understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise PATTERSON of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. PATTERSON further understands that PATTERSON has no right to demand that any forfeiture of PATTERSON's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon PATTERSON in addition to forfeiture.

PATTERSON further agrees that, not later than the date PATTERSON enters the guilty plea, PATTERSON will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If PATTERSON fails to do so, or if this Office determines that PATTERSON has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on PATTERSON by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of PATTERSON's activities and relevant conduct with respect to this case, including that on the dates set forth in the chart below, PATTERSON sold controlled substances in the quantities also set forth in the chart below:

| Date | Cocaine | Fentanyl |
|---|---|---|
| February 6, 2023 | 30.2 grams | |
| February 10, 2023 | 46.2 grams | |
| February 23, 2023 | 80.9 grams | |
| March 9, 2023 | 84.7 grams | 2.177 grams |
| March 24, 2023 | 28.3 grams | 25 grams |

| Date | Cocaine | Fentanyl |
|---|---|---|
| April 4, 2023 | | 98.4 grams |
| April 28, 2023 | 82.973 grams | |
| June 5, 2023 | 55.644 grams | |

Stipulations

This Office and PATTERSON will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and PATTERSON waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

PATTERSON understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. PATTERSON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PATTERSON wants and agrees to plead guilty to the charged offense regardless of any immigration

consequences of this plea, even if this plea will cause his removal from the United States. PATTERSON understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, PATTERSON waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. PATTERSON also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PATTERSON. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude PATTERSON from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between PATTERSON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JOHN GIORDANO
United States Attorney

*s/ Ashley Super Pitts*
By: _____
ASHLEY SUPER PITTS
Assistant United States Attorney

APPROVED:

*Martha K. Nye*
_____
Martha K. Nye
Attorney-In-Charge, Trenton Office

I have received this letter from my attorney, Adam K. Axel, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                      Date: 4/30/2025
Marquise Patterson

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                      Date: 4/30/2025
Adam K. Axel, Esq.
Counsel for Defendant

<u>Plea Agreement with MARQUISE PATTERSON</u>
Schedule A

1. This Office and Marquise Patterson ("PATTERSON") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and PATTERSON nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2024, applies in this case.

3. The applicable guideline is U.S.S.G. § 2D1.1. The base offense level is 24 because PATTERSON distributed at least 100 kilograms but less than 400 kilograms of converted drug weight. *See* U.S.S.G. § 2D1.1(a)(5) and (c)(7).

4. As of the date of this letter, PATTERSON has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if PATTERSON's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, PATTERSON has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in PATTERSON's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) PATTERSON enters a plea pursuant to this agreement, (b) this Office in its discretion determines that PATTERSON's acceptance of responsibility has continued through the date of sentencing and PATTERSON therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) PATTERSON's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. Accordingly, the parties agree that the total Guidelines offense level applicable to PATTERSON is 21 (the "Total Offense Level").

7. The parties agree that a term of imprisonment of 37 months (the "Stipulated Sentence") is reasonable, considering all of the factors under 18 U.S.C. § 3553(a). Neither party will argue for a sentence below or above the Stipulated Sentence. The parties recognize, however, that the Stipulated Sentence will not bind the District Court.

8. If the term of imprisonment does not exceed 37 months, and except as specified in the next paragraph below, PATTERSON will not challenge or seek to

9

reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 37 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

9.  Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

   (a)  Any proceeding to revoke the term of supervised release.

   (b)  A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

   (c)  An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).